KIRSCH, Judge,

dissenting

I respectfully dissent.
The role of basketball in the culture, history and persona of this great state is so universally acknowledged that we may take judicial notice of it. From barnyards to playgrounds to high school gymnasiums to college arenas to professional coliseums, basketball has gladdened and saddened, inspired and disappointed. It has given rise to great moments that become larger with each retelling, to heroes large and small, and to stories of myth and legend.
It has also given rise to great debate. Strong feelings do that. And, we feel strongly about our basketball. We cheer and yell and scream; we second-guess coaches’ decisions; we excoriate referees’ calls. We go to games, then go home to watch the highlights. We get up and read about the game in the paper, then talk about it with friends and coworkers on assembly lines, at office water coolers, in judicial chambers. Yes, we feel strongly about our basketball.
It is in this context that Larry Miller, a teacher and basketball coach, told Hayden McQueen, a teacher and scout for the girls’ basketball team, that he had “destroyed and undermined the girls’ program.” Strong words. Strong opinion. And one which Coach Miller had a constitutionally protected right to utter.
The majority is correct in saying that a statement of opinion can be defamatory if it creates the reasonable inference that the opinion is justified by the existence of unexpressed defamatory facts. Here, however, no defamatory facts are implied. Does Coach Miller’s statement infer that McQueen failed to notice that an upcoming opponent goes into a zone press after made free *68 throws? Or that he failed to report that their point guard has trouble going to her left? Or that the opponent’s center always sets up on the left block? Or that McQueen second-guessed a coaching decision? All such “failures” could give rise to Coach Miller’s strongly-worded opinion; none, however, is reasonably implied by the opinion, and no defamatory facts are implied. Coach Miller’s opinion is neither readily verifiable, nor does it imply knowledge of any verifiable fact. Rather, it is so subjective and difficult to verify or refute that it should not be made the subject of a jury inquiry.
The determination of whether a communication is defamatory is usually a question of law for the court which should view the communication in the context in which it was made and give the communication its plain and natural meaning. Long v. Durnil, 697 N.E.2d 100, 104 (Ind.Ct.App.1998). Doing so here leaves us with nothing but an expression of opinion, strongly-felt and strongly-expressed.
I would affirm the trial court’s decision dismissing McQueen’s, complaint for failure to state a claim.